■ MORGAN SERVICES, INC., Respondent, v EPISCOPAL CHURCH HOME & AFFILIATES LIFE CARE COMMUNITY, INC., Doing Business as CANTERBURY WOODS, Appellant. [757 NYS2d 917] —Appeal from an order of Supreme Court, Erie County (Sedita, Jr., J.), entered April 2, 2002, which, inter alia, denied defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiff's motion and reinstating paragraphs 18 through 22 of the answer and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that

defendant breached the parties' contract, pursuant to which plaintiff was to provide linen services for defendant, and defendant asserted a counterclaim for fraudulent business practices under General Business Law § 349. Supreme Court granted plaintiff's motion to strike paragraphs 18 through 22 of the answer, implicitly treating the motion as one to dismiss defendant's counterclaim for failure to state a cause of action, and denied defendant's cross motion for summary judgment dismissing the complaint. Addressing the cross motion first, we conclude that defendant failed to meet its initial burden of eliminating all material issues of fact from the case, and thus the cross motion was properly denied (*see Pease v Dicom Constr.*, 298 AD2d 973, 974 [2002]; *see also Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

We further conclude, however, that the court erred in determining that the counterclaim fails to state a cause of action pursuant to General Business Law § 349 and in granting plaintiff's motion on that ground. A cause of action or counterclaim pursuant to General Business Law § 349 "must demonstrate that the acts or practices have a broader impact on consumers at large. Private contract disputes, unique to the parties, * * * would not fall within the ambit of the statute" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]; *see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]). By its counterclaim, defendant alleges that plaintiff enters into contracts knowing that it will eventually fail to supply conforming goods and that, when the customer complains and subsequently attempts to terminate the contract, plaintiff uses the liquidated damages clause of the contract as a threat either to force the customer to accept the nonconforming goods or to settle the lawsuit. Defendant alleges that plaintiff has treated defendant and more than 15 of its other customers in such manner during the past two years, as evidenced by plaintiff's lawsuits against those customers "alleging claims identical to the claims herein." Thus, the counterclaim sufficiently alleges that the acts at issue therein are "consumer-oriented" and are not unique to the parties (*Oswego Laborers' Local 214 Pension Fund*, 85 NY2d at 25; *see Akgul v Prime Time Transp.*, 293 AD2d 631, 634 [2002]). The counterclaim also sufficiently alleges "an act or practice that is deceptive or misleading in a material way and that [defendant] has been injured by reason thereof" (*Oswego Laborers' Local 214 Pension Fund*, 85 NY2d at 25; *see Matter of People v Wilco Energy Corp.*, 284 AD2d 469, 470-471 [2001]; *Scavo v Allstate Ins. Co.*, 238 AD2d 571, 572 [1997]). We therefore modify the order by denying plaintiff's motion and reinstating

paragraphs 18 through 22 of the answer. Present—Green, J.P., Hurlbutt, Scudder, Burns and Hayes, JJ.