■ EDUARD GITLIN, Respondent, v ALEX CHIRINKIN et al., Appellants. [875 NYS2d 585]—

In an action, inter alia, to recover damages for fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered October 22, 2008, as granted that branch of the plaintiff's motion which was for leave to amend the second through fifth causes of action of the amended verified complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Leave to amend pleadings should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of

merit (*see Sheila Props., Inc. v A Real Good Plumber, Inc.*, 59 AD3d 424 [2009]; *Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929 [2008]). A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed (*see Ingrami v Rovner*, 45 AD3d 806, 808 [2007]). Here, the plaintiff's proposed amendments were neither palpably insufficient nor patently devoid of merit, and the defendants did not demonstrate prejudice or surprise from the same. Further, in light of the plaintiff's allegations as to when he discovered the alleged fraudulent conduct (*see Oggioni v Oggioni*, 46 AD3d 646 [2007]; *Del Vecchio v Nassau County*, 118 AD2d 615 [1986]), and his allegations giving rise to his contention that the defendants should be equitably estopped from interposing a statute of limitation defense as to the remaining causes of action (*see Zumpano v Quinn*, 6 NY3d 666 [2006]; *Bobash, Inc. v Festinger*, 57 AD3d 464 [2008]), the Supreme Court providently exercised its discretion in rejecting the defendants' contention that the plaintiffs' motion for leave to amend the complaint was untimely (*cf. Peteroy v St. Vincent's Med. Ctr. of Richmond*, 278 AD2d 295 [2000]; *Lucido v Vitolo*, 251 AD2d 383 [1998]).

The defendants' remaining contentions are without merit. Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.