■ ANTHONY GRECO, Appellant, v ALAN CHRISTOFFERSEN et al., Respondents. [896 NYS2d 363]——

In an action to recover damages for fraud and aiding and abetting fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated December 10, 2008, as granted the motion of the defendant Robert Prignoli for leave to amend his answer to assert counterclaims to recover damages for abuse of process and malicious prosecution and to impose a sanction upon the plaintiff pursuant to 22 NYCRR 130-1.1, and denied those branches of his cross motion pursuant to CPLR 3211 (b) which were to dismiss the first, sixth, ninth, and eleventh affirmative defenses of all three defendants, the eighth and twelfth affirmative defenses of the defendant Alan Christoffersen, and the fifth and twelfth affirmative defenses of the defendant Robert Prignoli.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting the motion of the defendant Robert Prignoli for leave to amend his answer to assert counterclaims to re-

cover damages for abuse of process and malicious prosecution and to impose a sanction upon the plaintiff pursuant to 22 NYCRR 130-1.1, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying those branches of the plaintiff's cross motion which were pursuant to CPLR 3211 (b) to dismiss the eleventh affirmative defenses of all three defendants, the eighth and twelfth affirmative defenses of the defendant Alan Christoffersen, and the twelfth affirmative defense of the defendant Robert Prignoli, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court improvidently exercised its discretion in granting the motion of the defendant Robert Prignoli for leave to amend his answer to assert counterclaims to recover damages for abuse of process and malicious prosecution and to impose a sanction upon the plaintiff pursuant to 22 NYCRR 130-1.1. "Leave to amend pleadings should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Gitlin v Chirinkin*, 60 AD3d 901, 901-902 [2009]; *see* CPLR 3025 [b]; *Sheila Props., Inc. v A Real Good Plumber, Inc.*, 59 AD3d 424, 426 [2009]; *Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929, 931 [2008]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Gitlin v Chirinkin*, 60 AD3d at 902; *see Ingrami v Rovner*, 45 AD3d 806, 808 [2007]).

"Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). Here, there is no evidence that the plaintiff commenced the instant action with an intent to do harm without excuse or justification. Moreover, the mere commencement of a lawsuit cannot serve as the basis for a cause of action alleging abuse of process (*id.* at 117). The commencement of the instant action does not give rise to a counterclaim alleging malicious prosecution, since there was no interference with Prignoli's person or property because of resort to a provisional remedy, such as arrest, attachment, injunction, receivership, or notice of pendency (*see Clark v MacKay*, 97 AD2d 394 [1983]; *Ellman v McCarty*, 70 AD2d 150 [1979]; *cf. Chu v Greenpoint Bank*, 257 AD2d 589 [1999]).

Furthermore, with respect to Prignoli's third proposed

counterclaim, New York does not recognize a separate cause of action to impose sanctions (*see Ocean Side Institutional Indus., Inc. v Superior Laundry*, 15 Misc 3d 1123[A], 2007 NY Slip Op 50822[U] [2007]; *Aurora Loan Servs., LLC v Cambridge Home Capital, LLC*, 12 Misc 3d 1152[A], 2006 NY Slip Op 50869[U] [2006]). Thus, that branch of Prignoli's motion which was for leave to amend his answer to assert such a counterclaim should have been denied.

The Supreme Court erred in denying those branches of the plaintiff's cross motion which were to dismiss the eleventh affirmative defense asserted by all three defendants as well as the eighth and twelfth affirmative defenses asserted by the defendant Alan Christoffersen and the twelfth affirmative defense asserted by Prignoli. CPLR 3211 (b) authorizes a plaintiff to move, at any time, to dismiss a defendant's affirmative defense on the ground that it "has no merit" (*see Albin v First Nationwide Network Mtge. Co.*, 248 AD2d 417, 419 [1998]; *see generally Butler v Catinella*, 58 AD3d 145 [2008]). Thus, when moving to dismiss or strike an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is "without merit as a matter of law" (*Vita v New York Waste Servs., LLC*, 34 AD3d 559, 559 [2006]). In reviewing a motion to dismiss an affirmative defense, this Court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference (*see Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2008]).

Here, the Supreme Court should have granted that branch of the plaintiff's cross motion which was to dismiss the eleventh affirmative defense asserted by all three defendants since the doctrine of unclean hands is an equitable defense that is unavailable where, as here, the action is exclusively for damages (*see Manshion Joho Ctr. Co., Ltd. v Manshion Joho Ctr., Inc.*, 24 AD3d 189 [2005]). Likewise, the plaintiff established his entitlement to the dismissal of the eighth affirmative defense asserted by Christoffersen, which asserted that he was not a party to the alleged transaction, by submitting a copy of a deed reflecting the transfer of the property at issue in this matter from Christoffersen to the plaintiff. Finally, the Supreme Court should have granted those branches of the cross motion which were to dismiss the twelfth affirmative defenses asserted by Christoffersen and Prignoli, both of which asserted that the complaint failed to state the circumstances constituting fraud with the requisite specificity (*see CPLR 3016 [b]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dillon, Belen and Roman, JJ., concur.