■ WALTER SCHWARTZ, Respondent, v LILY SAYAH, Defendant, and ANDREW W. SAYEGH, Appellant. [899 NYS2d 316]—

In an action, inter alia, to recover damages for conversion and to recover on a personal guarantee, the defendant Andrew W. Sayegh appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered September 30, 2008, as granted that branch of the plaintiff's motion which was for summary judgment dismissing his counterclaims and denied those branches of his cross motion which were for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaims, and for the imposition of sanctions pursuant to CPLR 3126.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly denied that branch of the cross motion of the defendant Andrew W. Sayegh which was for summary judgment dismissing the complaint insofar as asserted against him. "[T]o establish a cause of action [sounding] in conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights" (*Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]). Sayegh failed to satisfy his prima facie burden of establishing his entitlement to judgment as a matter of law dismissing the cause of action alleging conversion insofar as asserted against him. Triable issues of fact exist as to whether Sayegh, in his capacities as escrowee and as an attorney representing the defendant Lily Sayah in connection with the sale of real property, disbursed proceeds from the closing to Sayah despite his awareness of an agreement between Sayah and the plaintiff, pursuant to which she authorized Sayegh to withhold, from the proceeds of sale, an amount equal to outstanding legal fees that she owed to the plaintiff, which included a bonus that she allegedly promised to the plaintiff (*see Bank of India v Weg & Myers*, 257 AD2d 183, 191 [1999]; *Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro*, 187 AD2d 384, 385 [1992]; *see also Takayama v Schaefer*, 240 AD2d 21, 25 [1998]).

As to the plaintiff's cause of action to recover on an alleged personal guarantee, pursuant to General Obligations Law § 5-701 (a) (2), "a special promise to answer for the debt, default or miscarriage of another person" must be "in writing, and subscribed by the party to be charged therewith." Sayegh failed to establish, prima facie, that a letter dated March 28, 2007, that he wrote to the plaintiff did not constitute a personal guarantee to pay the legal fees that Sayah allegedly owed to the

plaintiff (*see Martin Roofing v Goldstein*, 60 NY2d 262, 264 [1983], *cert denied* 466 US 905 [1984]; *see also JP Morgan Chase Bank, N.A. v Cellpoint Inc.*, 54 AD3d 366 [2008]).

The Supreme Court also correctly granted that branch of the plaintiff's motion which was for summary judgment dismissing Sayegh's counterclaims alleging that the mere commencement of this action against him constituted an abuse of process, tortious interference with contract, and frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c).

"[T]he mere commencement of a lawsuit cannot serve as the basis for a cause of action alleging abuse of process" (*Greco v Christoffersen*, 70 AD3d 769, 770 [2010]; *see Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). Moreover, the plaintiff established, prima facie, that any interference with the contractual attorney-client relationship between Sayegh and Sayah that may have arisen as a result of the commencement of this action was not intentional, but merely incidental to the lawful commencement of the action (*see Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281 [1978]; *Beecher v Feldstein*, 8 AD3d 597, 598 [2004]; *Conversion Equities v Sherwood House Owners Corp.*, 151 AD2d 635, 637 [1989]). In opposition, Sayegh failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Further, "New York does not recognize a separate cause of action to impose sanctions" pursuant to 22 NYCRR 130-1.1 (c) (*Greco v Christoffersen*, 70 AD3d at 771) and, in any event, there is no merit to the claim that it was frivolous for the plaintiff to commence this action.

Sayegh's contention that the plaintiff engaged in sanctionable conduct during discovery is without merit (*see* CPLR 3126). Covello, J.P., Florio, Eng and Chambers, JJ., concur.