In an action to recover damages for violation of Judiciary Law § 487, fraud, and abuse of process, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated March 11, 2009, as denied those branches of his motion pursuant to CPLR 3211 (a) (7) and (b) which were to dismiss the defendant’s counterclaim and second, fourth, fifth, and sixth affirmative defenses, and (2) an order of the same court dated May 4, 2009, which denied his motion for leave to reargue and, inter alia, to dismiss the answer pursuant to CPLR 3216 or compel further disclosure pursuant to CPLR 3124.
Ordered that the order dated March 11, 2009, is reversed insofar as appealed from, on the law, and those branches of the plaintiffs motion pursuant to CPLR 3211 (a) (7) and (b) which were to dismiss the defendant’s counterclaim and second, fourth, fifth, and sixth affirmative defenses are granted; and it is further,
Ordered that the appeal from so much of the order dated May *557 4, 2009, as denied that branch of the plaintiffs motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated May 4, 2009, is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The plaintiff contends that the Supreme Court erred in denying that branch of his motion pursuant to CPLR 3211 (a) (7) which was to dismiss the defendant’s counterclaim to recover damages for abuse of process upon the ground that it fails to state a cause of action. We agree. The three essential elements of the tort of abuse of process are “(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective” (Curiano v Suozzi, 63 NY2d 113, 116 [1984]). However, the mere commencement of a civil action by summons and complaint does not constitute abuse of process (see Curiano v Suozzi, 63 NY2d at 116; Schwartz v Sayah, 72 AD3d 790 [2010]; Greco v Christo ffer sen, 70 AD3d 769, 770 [2010]), and the gist of the tort is “the improper use of process after it is issued” by “an unlawful interference with one’s person or property” (Williams v Williams, 23 NY2d 592, 596 [1969] [internal quotation marks omitted]). Here, although the defendant law firm alleges that the plaintiff commenced this action with the collateral objective of inflicting economic harm and obtaining a tactical advantage in a pending divorce action, a malicious motive alone does not give rise to a cause of action to recover damages for abuse of process (see Curiano v Suozzi, 63 NY2d at 117; Matthews v New York City Dept, of Social Servs., Child Welfare Admin., 217 AD2d 413, 415 [1995]; Butler v Ratner, 210 AD2d 691, 693 [1994]), and the defendant did not allege that the plaintiff interfered with the defendant’s property rights after the issuance of process by resorting to a provisional remedy (see Williams v Williams, 23 NY2d at 596 n 1; Greco v Christo ffer sen, 70 AD3d at 770; Island Fed. Credit Union v Smith, 60 AD3d 730, 733 [2009]). Accordingly, the defendant’s counterclaim to recover damages for abuse of process failed to state a cause of action and should have been dismissed.
The Supreme Court also should have granted those branches of the plaintiffs motion pursuant to CPLR 3211 (b) which were to dismiss the defendant’s second, fourth, fifth, and sixth affirmative defenses. “A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit” (CPLR 3211 [b]). Here, the plaintiff sustained his burden of demonstrating that the challenged defenses are *558 without merit as a matter law because they either do not apply under the factual circumstances of this case, or fail to state a defense (see Greco v Christoff ersen, 70 AD3d at 771; Vita v New York Waste Seros., LLC, 34 AD3d 559 [2006]).
However, the Supreme Court properly denied those branches of the plaintiffs separate motion which sought, inter alia, to dismiss the answer pursuant to CPLR 3216 or compel further disclosure pursuant to CPLR 3124. The plaintiffs supporting papers were inadequate because they failed to specify which interrogatories the defendants allegedly failed to adequately answer, and which documents the defendants failed to produce (see Clark v Schuylerville Cent. School Dist., 57 AD3d 1145, 1146 [2008]; American Reliance Ins. Co. v National Gen. Ins. Co., 174 AD2d 591, 593 [1991]). Dillon, J.P, Miller, Eng and Chambers, JJ., concur.