■ ELIOT F. BLOOM, Respondent, v RUSSELL LUGLI et al., Appellants. [958 NYS2d 184]—

In an action, in effect, to recover installment payments allegedly due under a buy-out agreement, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated June 28, 2011, as denied their motion for leave to amend their answer to assert 12 affirmative defenses, (2) from an order of the same court dated November 7, 2011, which granted the plaintiff's motion for summary judgment, and (3) from a judgment of the same court entered December 1, 2011, which, upon the order dated November 7, 2011, is in favor of the plaintiff and against them in the principal sum of $350,000.

Ordered that the appeals from the orders dated June 28, 2011, and November 7, 2011, are dismissed; and it is further,

Ordered that the judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, the plaintiff's motion for summary judgment is denied, those branches of the defendants' motion which were for leave to amend the answer to assert the first, second, third, fourth, fifth, sixth, seventh, ninth, and eleventh proposed affirmative defenses are denied as unnecessary, and the orders dated June 28, 2011, and November 7, 2011, are modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeals from the orders dated June 28, 2011, and November 7, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment.

On August 15, 2006, the plaintiff and the defendant Northwestern Consultants, Inc. (hereinafter NCI), entered into a joint venture agreement for the purpose of constructing and selling 24 entry-level housing units in Bay Shore. According to the terms of the joint venture agreement, NCI was to have a 55% interest and the plaintiff was to have a 45% interest in the joint venture. Pursuant to article X 10 (d) of the joint venture agreement, the plaintiff was charged with the responsibility of obtaining the required zoning and development approvals for the construction project.

By separate agreement (hereinafter the buy-out agreement), executed on October 5, 2007, the plaintiff agreed to sell his 45% interest in the development project in Bay Shore and the joint venture to NCI and the defendant Russell Lugli (hereinafter together the defendants) for the total sum of $450,000. The parties to the buy-out agreement also agreed to amend the joint venture agreement to reflect the sale of the plaintiff's interest. The buy-out agreement provided, in relevant part, that the defendants would pay the plaintiff the $450,000 in three installments. The first $100,000 was paid at the time the buy-out agreement was executed. The remaining $350,000 was to be paid in two installments of $175,000 each, with one installment to be paid by April 1, 2008, and the other by October 1, 2008. The fourth paragraph of the buy-out agreement provided that the plaintiff would "continue to represent Russell Lugli, the Bay Shore Joint Venture and Northwestern Consultants in order to provide all legal representation necessary to complete the project with no fees to be charged." The defendants failed to pay the last two installments.

The plaintiff commenced this action by filing a motion for summary judgment in lieu of a complaint pursuant to CPLR 3213. The defendants opposed the motion on the ground, inter alia, that the plaintiff could not commence this action through the filing of a motion for summary judgment in lieu of complaint pursuant to CPLR 3213, since the buy-out agreement was not an instrument for the payment of money only. By order and judgment (one paper) entered November 19, 2009, the Supreme Court granted the plaintiff's motion pursuant to CPLR 3213 and entered judgment in his favor and against the defendants in the principal sum of $350,000.

On appeal, this Court reversed the order and judgment, concluding that the plaintiff failed to establish that the buy-out agreement was an instrument for the payment of money only because its terms included the continued legal representation by the plaintiff of the defendants and the joint venture (*see Bloom v Lugli*, 81 AD3d 579 [2011]). This Court also deemed the plaintiff's motion to be a complaint and deemed the defendants' opposing papers to be the defendants' answer. This Court further determined that the parties' remaining contentions had been rendered academic in light of the determination that the buy-out agreement was not an instrument for the payment of money only.

Shortly thereafter, the defendants moved for leave to amend their answer to assert 12 affirmative defenses alleging, inter alia, that the buy-out agreement was unenforceable because the plaintiff was guilty of self-dealing, fraud, breach of his fiduciary duties, breach of contract, and violation of the Code of Professional Responsibility.

The Supreme Court denied the defendants' motion for leave to amend their answer, reasoning that, based upon this Court's prior decision and order, the defendants' proposed affirmative defenses were either determined to be without merit by this Court or had not been raised by the defendants in opposition to the plaintiff's motion. The Supreme Court therefore concluded that, pursuant to this Court's decision and order, only one issue remained to be determined, that is, whether the plaintiff continued to provide legal services to the defendants and the joint venture in accordance with the buy-out agreement. We agree with the Supreme Court's denial of the defendants' motion for leave to amend their answer, but do so on different grounds.

" 'Leave to amend pleadings should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of

merit' " (*Greco v Christoffersen*, 70 AD3d 769, 770 [2010], quoting *Gitlin v Chirinkin*, 60 AD3d 901, 901-902 [2009]; *see* CPLR 3025 [b]; *Ingrami v Rovner*, 45 AD3d 806, 808 [2007]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Gitlin v Chirinkin*, 60 AD3d at 902; *see Greco v Christoffersen*, 70 AD3d at 770; *Ingrami v Rovner*, 45 AD3d at 808).

Here, the defendants' opposition to the plaintiff's motion for summary judgment in lieu of the complaint pursuant to CPLR 3213, which was deemed the answer herein, contained the first, second, third, fourth, fifth, sixth, seventh, ninth, and eleventh proposed affirmative defenses. Thus, those branches of the defendants' motion which were for leave to amend the answer to assert those proposed affirmative defenses should have been denied by the Supreme Court as unnecessary. The Supreme Court's interpretation of this Court's prior decision and order as having restricted this action to one issue concerning the plaintiff's continued legal representation as the basis for denying the defendants' motion was erroneous. This Court did not make a determination on the merits of the defendants' affirmative defenses in finding that the plaintiff improperly commenced this action pursuant to CPLR 3213.

The remaining proposed affirmative defenses, that is, the eighth, tenth, and twelfth proposed affirmative defenses, are either palpably insufficient or patently devoid of merit (*see HSBC Bank USA v Philistin*, 99 AD3d 667, 667 [2012]). Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the defendants' motion which were for leave to amend the answer to assert the eighth, tenth, and twelfth proposed affirmative defenses.

However, the Supreme Court improperly granted the plaintiff's motion for summary judgment. The plaintiff established his prima facie entitlement to judgment as a matter of law by presenting evidence of his continuing legal representation of the joint venture and the defendants and his continuing efforts to complete the project free of charge as required under the terms of the buy-out agreement. In opposition, the defendants raised triable issues of fact as to whether the buy-out agreement should be deemed void and unenforceable on the basis of fraudulent inducement (*see generally River Ridge Living Ctr., LLC v ADL Data Sys., Inc.*, 98 AD3d 724, 724 [2012]) or self-dealing. The defendants submitted an affidavit from Lugli which raised triable issues of fact as to whether the plaintiff intentionally or negligently omitted the material fact that the Town's approval

of the development of the project included certain conditions and restrictions that either could not be met or would be significantly difficult to meet, and as to whether this information was kept from the defendants at the time that the buy-out agreement was executed. The defendants allege that the plaintiff made material misrepresentations with respect to the status of the project at the time that the parties entered into the buy-out agreement, a claim which the plaintiff denies.

Accordingly, the Supreme Court improperly granted the plaintiff's motion for summary judgment.

The defendants' remaining contentions are either not properly before this Court because they were not raised in the Supreme Court or without merit. Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31821(U).]**