█ In the Matter of SINCLAIR HABERMAN et al., Respondents, v ZONING BOARD OF APPEALS OF CITY OF LONG BEACH et al., Respondents, and XANDER CORP., Appellant. [990 NYS2d 245]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach dated December 29, 2003, which revoked a building permit previously issued to the petitioners/plaintiffs on August 12, 2003, and action, inter alia, for a judgment declaring that the petitioners/plaintiffs are entitled to the building permit, Xander Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered June 14, 2012, as denied that branch of its motion which was for leave to serve and file an amended answer to the third amended petition/complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied that branch of the appellant's motion which was for leave to serve and file an amended answer to the causes of action of the third amended petition/complaint pursuant to CPLR article 78 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioners/plaintiffs, Belair Building, LLC, and its sole owner, Sinclair Haberman (hereinafter together the developers), own real property located on Shore Road, between Monroe and Lincoln Boulevards, in the City of Long Beach. In 1985, Haberman's father, Jacob Haberman, obtained a variance from the Zoning Board of Appeals of the City of Long Beach (hereinafter the ZBA), later amended in 1989 and again in 1992, for construction of a four-tower cooperative/condominium project known as the Sea Pointe Towers Project. The appellant, the respondent/defendant Xander Corp. (hereinafter Xander), owns the only building of the proposed complex to have been constructed (hereinafter the Xander Building). In September 2003, Xander filed a petition with the ZBA, seeking to revoke a building permit that had been issued to the developers in August 2003 to begin construction on the second tower at 350 Shore Road. Xander alleged, among other things, that the proposed construction violated the Code of Ordinances of the City of Long Beach in that it did not provide sufficient off-road parking. The ZBA granted Xander's petition, largely based on its finding that the 1992 amendment of the variance was invalid. Thereafter, the developers commenced the instant hybrid proceeding pursuant to CPLR article 78 to review the ZBA's determination, and action, inter alia, for a judgment declaring that they are entitled to the building permit. After the Court of Appeals reversed a decision and order of this Court, inter alia, confirming the ZBA's determination (*see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 9 NY3d 269 [2007]), the matter was remitted to the Supreme Court, Nassau County, to permit the respondents/defendants to interpose an answer to the petition/complaint (*see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 53 AD3d 490 [2008]).

While its September 2003 petition to the ZBA was still pending, Xander commenced a related proceeding (hereinafter the related proceeding) seeking to preliminarily and permanently enjoin the developers from undertaking any construction on 350 Shore Road, based on claims of adverse possession and prescriptive easement arising out of the Xander Building residents' use of the property for parking. After a 22-day trial, the Supreme Court, in a judgment dated December 23, 2009, dismissed the petition in the related proceeding, finding that Xander had failed to meet its burden of proving, by clear and convincing evidence, its entitlement to the subject property by either of the theories advanced. In a decision and order dated December 1, 2010, this Court dismissed Xander's appeal from that judgment for failure to perfect.

Or about October 27, 2011, Xander moved, among other

things, for leave to serve and file an amended answer to the third amended petition/complaint to assert 19 counterclaims, all of which concerned the parking spaces located on the developers' property at 350 Shore Road and under the pool deck, beneath the Xander Building, which previously had been used by the Xander Building residents with the developers' permission. These parking spaces had been closed to those residents since October 28, 2010, with alternative parking spots temporarily provided at the developers' property at 340 Shore Road, to permit the removal by National Grid of gas lines improperly placed on the 350 Shore Road property. The proposed counterclaims seek reinstatement of access to the 350 Shore Road parking area and a permanent injunction guaranteeing the continued access by the Xander Building residents to those parking spaces, and to the parking beneath the pool deck. The proposed answer and counterclaims allege, inter alia, that, pursuant to various documents issued by the City of Long Beach, including the variances and certificate of occupancy for the Xander Building, the developers had no right to use 350 Shore Road for any purpose other than as parking for the Xander Building's residents.

"Leave to amend pleadings should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Bloom v Lugli*, 102 AD3d 715, 717-718 [2013] [citations and internal quotation marks omitted]; *see* CPLR 3025 [b]; *Greco v Christoffersen*, 70 AD3d 769, 770 [2010]; *Gitlin v Chirinkin*, 60 AD3d 901, 901-902 [2009]; *Ingrami v Rovner*, 45 AD3d 806, 808 [2007]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Gitlin v Chirinkin*, 60 AD3d at 902; *see Bloom v Lugli*, 102 AD3d at 718; *Greco v Christoffersen*, 70 AD3d at 770). Here, the Supreme Court providently exercised its discretion in denying that branch of Xander's motion which was for leave to file and serve an amended answer to the third amended petition/complaint.

"[U]nder New York's transactional analysis approach to res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Matter of Hunter*, 4 NY3d 260, 269 [2005], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d 648, 650 [2013]; *Grossman v New York Life Ins. Co.*, 90 AD3d 990, 991 [2011]). "In determining whether a factual grouping constitutes a transac-

tion for res judicata purposes, a court must apply a pragmatic test and analyze how the facts are related as to time, space, origin or motivation, whether they form a convenient trial unit and whether treating them as a unit conforms to the parties' expectations or business understanding" (*Bayer v City of New York*, 115 AD3d 897, 898-899 [2014]; *see Xiao Yang Chen v Fischer*, 6 NY3d 94, 100-101 [2005]; *Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981]; *Douglas Elliman, LLC v Bergere*, 98 AD3d 642, 643 [2012]; *Union St. Tower, LLC v Richmond*, 84 AD3d 784, 785 [2011]).

Here, the proposed counterclaims arose out of the same series of transactions as those giving rise to the related proceeding, including the 1985 variance and a 1989 stipulation of settlement and amended variance, relating to the Sea Pointe Towers Project and the Xander Building residents' alleged right to the parking spaces on 350 Shore Road. Moreover, the proposed counterclaims seek "to recover what is essentially the same relief for [the same alleged] harm arising out of the same or related facts such as would constitute a single 'factual grouping' " (*O'Brien v City of Syracuse*, 54 NY2d at 357-358; *see Nostrom v County of Suffolk*, 100 AD3d 974, 975 [2012]; *Ventura v M.A.F. Estates*, 247 AD2d 378, 378-379 [1998]; *McNally Intl. Corp. v New York Infirmary—Beekman Downtown Hosp.*, 145 AD2d 417 [1988]). The Supreme Court correctly concluded that the doctrine of res judicata applies here to bar the proposed counterclaims, "which could have been raised [in the related proceeding] . . . and which now seek[ ] to destroy or impair the rights . . . established by the [related proceeding]" (*Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y.*, 68 NY2d 456, 461 [1986] [internal quotation marks omitted]).

In view of the foregoing, we do not reach the parties' remaining contentions.

Accordingly, the Supreme Court properly denied that branch of Xander's motion which was for leave to serve and file an amended answer to the third amended petition/complaint. Mastro, J.P., Chambers, Lott and Roman, JJ., concur.