■ CONFIDENTIAL LENDING, LLC, Appellant, v VIOLA NURSE, Respondent, et al., Defendants. [992 NYS2d 77]—

In an action to foreclose a mortgage, the plaintiff appeals

from so much of an order of the Supreme Court, Kings County (Edwards, J.), dated September 19, 2012, as granted the cross motion of the defendant Viola Nurse for leave to amend her answer to assert the defense of lack of standing and additional allegations in support of her defense and counterclaims sounding in fraud and alleging violations of General Business Law § 349 and Real Property Law § 440-a, and, upon renewal, denied those branches of its motion which were for summary judgment on the complaint and dismissing the affirmative defenses and counterclaims asserted by the defendant Viola Nurse or, alternatively, to sever her counterclaims, for leave to enter a default judgment against the defendants Caryn Nurse, the New York City Environmental Control Board, Charles Laing, and Iris Laing, and to appoint a referee to compute the amount due the plaintiff.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provisions thereof, upon renewal, denying those branches of the plaintiff's motion which were for summary judgment dismissing the defense and counterclaims asserted by the defendant Viola Nurse sounding in fraud and alleging violations of General Business Law § 349 and Real Property Law § 440-a, and for leave to enter a default judgment against the defendant the New York City Environmental Control Board, and substituting therefor a provision granting those branches of the plaintiff's motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendant Viola Nurse which was for leave to amend her answer to assert additional allegations in support of her defense and counterclaims sounding in fraud and alleging violations of General Business Law § 349 and Real Property Law § 440-a, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiff by the defendant Viola Nurse.

Contrary to the plaintiff's contention, it failed to establish, prima facie, that it had standing to commence this foreclosure action. Accordingly, the Supreme Court, upon renewal, correctly denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendant Viola Nurse (hereafter Nurse) (*see HSBC Bank USA v Hernandez*, 92 AD3d 843, 844 [2012]; *see generally* RPAPL 1302 [1]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909 [2013]).

However, we agree with the plaintiff's contention that, upon renewal, the Supreme Court erred in denying that branch of its

motion which was for summary judgment dismissing Nurse's defense and counterclaim sounding in fraud. Upon renewal, the plaintiff demonstrated, prima facie, that Nurse ratified the subject note, mortgage, and collateral mortgage by making payments thereon to the plaintiff without protest, while she remained aware of the circumstances forming the basis of her defense and counterclaim sounding in fraud. In so doing, Nurse waived all such defenses and counterclaims (*see Moweta v Citywide Home Improvements of Queens*, 267 AD2d 438 [1999]; *see also Wujin Nanxiashu Secant Factory v Ti-Well Intl. Corp.*, 14 AD3d 352 [2005]; *Davis & Davis v Morson*, 286 AD2d 584, 585 [2001]). In opposition, Nurse failed to raise a triable issue of fact.

We also agree with the plaintiff's contention that, upon renewal, the Supreme Court erred in denying that branch of its motion which was for summary judgment dismissing Nurse's counterclaim alleging a violation of General Business Law § 349. In opposition to the plaintiff's prima facie showing that the underlying transaction was private in nature, and that the allegedly deceptive acts were not aimed at the public at large (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]), Nurse failed to raise a triable issue of fact.

Further, upon renewal, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing Nurse's counterclaim alleging a violation of Real Property Law § 440-a, since the allegation that certain nonparties unlawfully held themselves out as real estate brokers without the requisite license is irrelevant to the circumstances surrounding Nurses's execution of the underlying mortgage, note, guaranty, and collateral mortgage. In any event, Nurse's conclusory allegations that certain persons allegedly violated Real Property Law § 440-a by virtue of their failure to secure the requisite real estate brokers' license were insufficient, upon renewal, to defeat that branch of the plaintiff's motion which was for summary judgment dismissing Nurse's counterclaim alleging a violation of Real Property Law § 440-a.

The Supreme Court improvidently exercised its discretion in granting Nurse leave to amend her answer to the extent that she sought to assert additional allegations in support of her defense and counterclaims sounding in fraud and alleging violations of General Business Law § 349 and Real Property Law § 440-a. Leave to amend a pleading should be freely given absent prejudice or surprise, and a court should not examine the merits or legal sufficiency of the proposed amendment unless it is palpably insufficient or patently devoid of merit on its face (*see*

*Greco v Christoffersen,* 70 AD3d 769, 770 [2010]; *Rosicki, Rosicki & Assoc., P.C. v Cochems,* 59 AD3d 512, 514 [2009]). The determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed (*see Greco v Christoffersen,* 70 AD3d at 770). Here, the proposed allegations supporting the defense and counterclaims sounding in fraud and alleging violations of General Business Law § 349 and Real Property Law § 440-a were palpably insufficient and patently devoid of merit (*see Bank of Smithtown v 219 Sagg Main, LLC,* 107 AD3d 654, 656 [2013]; *Bloom v Lugli,* 102 AD3d 715, 718 [2013]).

Upon renewal, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants Caryn Nurse, Charles Laing, and Iris Laing. Although service upon the defaulting defendants of the notice of motion to renew was not required since the plaintiff moved for leave to enter a default judgment within one year of the defendants' default (*see Stoltz v Playquest Theater Co.,* 257 AD2d 758, 759 [1999]; *Milman & Shwergold v Chase Manhattan Bank,* 105 AD2d 652, 653 [1984]; *Q.P.I. Rests. v Slevin,* 93 AD2d 767, 768 [1983]), the Supreme Court properly determined that the plaintiff failed to comply with the additional notice requirement of CPLR 3215 (g) (3) (i) (*see Tsiporin v Ziegel,* 203 AD2d 451 [1994]; *see also Bunch v Dollar Budget, Inc.,* 12 AD3d 391 [2004]; *Schilling v Maren Enters.,* 302 AD2d 375, 376 [2003]; *Rafa Enters. v Pigand Mgt. Corp.,* 184 AD2d 329 [1992]). However, in seeking a default judgment against the defendant the New York City Environmental Control Board (hereinafter the ECB), the plaintiff was not required to comply with the additional notice requirement of CPLR 3215 (g) because the ECB is neither a "natural person" (CPLR 3215 [g] [3] [i]), nor "a domestic or authorized foreign corporation" that had been served with process pursuant to Business Corporation Law § 306 (b) (CPLR 3215 [g] [4] [i]). Accordingly, the Supreme Court erred in denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the ECB. The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Lott, Roman and Cohen, JJ., concur.