# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1317**
**CA 14-01060**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF SMALL SMILES LITIGATION
-------------------------------------------
ELIZABETH LORRAINE, AS PARENT AND NATURAL
GUARDIAN OF INFANT SHILOH LORRAINE, JR.,
PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

FORBA HOLDINGS, LLC, NOW KNOWN AS CHURCH
STREET HEALTH MANAGEMENT, LLC, FORBA NY, LLC,
SMALL SMILES DENTISTRY OF ROCHESTER, LLC,
ISMATU KAMARA, D.D.S., GARY GUSMEROTTI, D.D.S.,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

GOLDBERG SEGALLA LLP, ALBANY (MATTHEW S. LERNER OF COUNSEL), AND
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE, FOR
DEFENDANTS-APPELLANTS FORBA HOLDINGS, LLC, NOW KNOWN AS CHURCH
STREET HEALTH MANAGEMENT, LLC, FORBA NY, LLC, AND SMALL SMILES
DENTISTRY OF ROCHESTER, LLC.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, ALBANY (MELISSA A.
MURPHY-PETROS OF COUNSEL), FOR DEFENDANT-APPELLANT ISMATU KAMARA,
D.D.S.

HISCOCK & BARCLAY, LLP, ROCHESTER (PAUL A. SANDERS OF COUNSEL), FOR
DEFENDANT-APPELLANT GARY GUSMEROTTI, D.D.S.

POWERS & SANTOLA, LLP, ALBANY (MICHAEL J. HUTTER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered September 17, 2013. The order,
insofar as appealed from, denied in part the summary judgment motions
of defendants-appellants.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries sustained by her infant son as a result of, inter alia,
allegedly unnecessary dental treatment performed at a "Small Smiles"
dental clinic in Rochester, New York, without informed consent or with
fraudulently obtained consent. This action was coordinated for

purposes of discovery with two other actions in Supreme Court, Onondaga County. Although there are four groups of defendants involved in the three actions (*Matter of Small Smiles Litig.*, 109 AD3d 1212, 1212-1213), the only group relevant to the instant appeal is that comprised of the corporate defendants-appellants (collectively, New FORBA defendants) and the two individual defendants-appellants, the dentists who provided treatment to plaintiff's infant son at the Rochester clinic location. Supreme Court denied in part the motion of the New FORBA defendants for partial summary judgment as well as the motions of the two dentists for summary judgment dismissing the amended complaint against them.

The New FORBA defendants contend on appeal that the court erred in denying those parts of their motion with respect to the causes of action for battery, the violation of General Business Law § 349, negligence, and concerted action, and erred in refusing to strike plaintiff's demand for punitive damages. The individual dentists, Ismatu Kamara, D.D.S. and Gary Gusmerotti, D.D.S., each contend on appeal that the court erred in refusing to dismiss the dental malpractice cause of action against them. We note at the outset that the contention of the New FORBA defendants with respect to the negligence cause of action, i.e., that it should be dismissed as duplicative of the one for dental malpractice, is raised for the first time on appeal and is therefore not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Contrary to the contention of the New FORBA defendants, the cause of action asserting the complete absence of consent and/or fraudulently induced consent for treatment is properly treated as one for battery rather than for dental malpractice, and it is not duplicative of the dental malpractice cause of action (*see Small Smiles Litig.*, 109 AD3d at 1214; *VanBrocklen v Erie County Med. Ctr.*, 96 AD3d 1394, 1394). "It is well settled that a medical professional may be deemed to have committed battery, rather than malpractice, if he or she carries out a procedure or treatment to which the patient has provided 'no consent at all' " (*VanBrocklen*, 96 AD3d at 1394; *see Wiesenthal v Weinberg*, 17 AD3d 270, 270-271). The court properly denied that part of the New FORBA defendants' motion with respect to the battery cause of action, inasmuch as they failed to meet their initial burden of establishing that they "did not intentionally engage in offensive bodily contact without plaintiff's consent" (*Guntlow v Barbera*, 76 AD3d 760, 766, *appeal dismissed* 15 NY3d 906).

We reject the contention of the New FORBA defendants that the court erred in denying that part of their motion with respect to the cause of action under General Business Law § 349. A cause of action for deceptive business practices under section 349 "requires proof that the defendant engaged in consumer-oriented conduct that was materially deceptive or misleading, causing injury" (*Corcino v Filstein*, 32 AD3d 201, 201). Even assuming, arguendo, that the New FORBA defendants met their initial burden by establishing that the underlying transaction was private in nature and the allegedly deceptive acts were not aimed at the public at large (*see generally Confidential Lending, LLC v Nurse*, 120 AD3d 739, 741), we conclude

that plaintiff's submissions raised issues of fact concerning whether the New FORBA defendants engaged in a scheme to place profits before patient care, which allegedly included fraudulent practices that impacted consumers at large beyond a particular dentist's treatment of an individual patient (*see Morgan Servs. v Episcopal Church Home & Affiliates Life Care Community*, 305 AD2d 1105, 1106; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We likewise reject the contention of the New FORBA defendants that the court erred in refusing to strike the demand for punitive damages (*see Garber v Lynn*, 79 AD3d 401, 402-403).  To the extent that those defendants contend that a stipulation in bankruptcy court to limit collection of any money judgment obtained by plaintiff to insurance proceeds precludes a claim for punitive damages, we conclude that such contention does not serve as a basis for affirmative relief at this juncture.

Contrary to Dr. Kamara's contention, the court properly refused to dismiss the dental malpractice cause of action against her on the ground that plaintiff's son was not injured during the treatment. Even assuming, arguendo, that Dr. Kamara met her initial burden of establishing that plaintiff's son was not injured by the treatment she performed (*see generally Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 801), we conclude that plaintiff raised a triable issue of fact whether her son sustained injuries as a result of such treatment (*see generally Zuckerman*, 49 NY2d at 562).

Contrary to the contention of Dr. Gusmerotti, the court also properly refused to dismiss the dental malpractice cause of action against him.  Even assuming, arguendo, that Dr. Gusmerotti established his entitlement to summary judgment by submitting his own affidavit (*see Juba v Bachman*, 255 AD2d 492, 493, *lv denied* 93 NY2d 809), we conclude that plaintiff raised issues of fact whether Dr. Gusmerotti departed from the accepted standard of care and caused injury to plaintiff's son by fraudulently using the dental X rays of another child to obtain plaintiff's consent for medically unnecessary treatment (*see Taylor v Nyack Hosp.*, 18 AD3d 537, 538; *Ayoung v Epstein*, 177 AD2d 460, 460).

Lastly, in light of our determination with respect to the two individual defendants-appellants, we reject the contention of the New FORBA defendants that there is no independent tort to support plaintiff's concerted action cause of action (*cf. Brenner v American Cyanamid Co.*, 288 AD2d 869, 870; *see generally Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 295).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court