# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**40**
**CA 14-01086**
PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF SMALL SMILES LITIGATION
-----------------------------------------------
TIMOTHY ANGUS, AS PARENT AND NATURAL GUARDIAN
OF INFANT JACOB ANGUS, ET AL., PLAINTIFFS,
AND SHERAIN RIVERA, AS PARENT AND NATURAL
GUARDIAN OF INFANT SHADAYA GILMORE,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

FORBA HOLDINGS, LLC, NOW KNOWN AS CHURCH STREET
HEALTH MANAGEMENT, LLC, FORBA NY, LLC, SMALL
SMILES DENTISTRY OF ALBANY, LLC, MAZIAR IZADI, D.D.S.,
NASSEF LANCEN, D.D.S., ALBANY ACCESS DENTISTRY, PLLC,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

GOLDBERG SEGALLA LLP, ALBANY (MATTHEW S. LERNER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS FORBA HOLDINGS, LLC, NOW KNOWN AS CHURCH STREET
HEALTH MANAGEMENT, LLC, FORBA NY, LLC, SMALL SMILES DENTISTRY OF
ALBANY AND ALBANY ACCESS DENTISTRY, PLLC.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, ALBANY (MELISSA A.
MURPHY-PETROS OF COUNSEL), FOR DEFENDANTS-APPELLANTS MAZIAR IZADI,
D.D.S. AND NASSEF LANCEN, D.D.S..

POWERS & SANTOLA, LLP, ALBANY (MICHAEL J. HUTTER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered September 17, 2013.  The order,
insofar as appealed from, denied in part the summary judgment motions
of defendants-appellants.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Sherain Rivera (plaintiff), among other plaintiffs,
commenced this action seeking damages for injuries sustained by her
infant daughter as a result of, inter alia, allegedly unnecessary
dental treatment performed at a "Small Smiles" dental clinic in
Albany, New York, without informed consent or with fraudulently
obtained consent.  This action was coordinated for purposes of
discovery and dispositive motions with two other actions in Supreme

Court, Onondaga County.  Although there are four groups of defendants involved in the three coordinated actions (*Matter of Small Smiles Litig.*, 109 AD3d 1212, 1212-1213), the only group relevant to the instant appeal is that comprised of the corporate defendants-appellants (collectively, New FORBA defendants) and the two individual defendants-appellants, the dentists who provided treatment to plaintiff's infant daughter at the Albany clinic location.  Supreme Court denied in part the motion of the New FORBA defendants for partial summary judgment as well as the motions of the two dentists for summary judgment dismissing the amended complaint against them.

The New FORBA defendants contend on appeal that the court erred in denying those parts of their motion with respect to the causes of action for battery, the violation of General Business Law § 349, negligence, and concerted action, and erred in refusing to strike plaintiff's demand for punitive damages.  The individual dentists, Maziar Izadi, D.D.S., and Nassef Lancen, D.D.S., each contend on appeal that the court erred in refusing to dismiss the amended complaint against them.

Contrary to the contention of the New FORBA defendants, the cause of action asserting the complete absence of consent and/or fraudulently induced consent for treatment is properly treated as one for battery rather than for dental malpractice, and is not duplicative of the dental malpractice cause of action (*see Small Smiles Litig.,* 109 AD3d at 1214; *VanBrocklen v Erie County Med. Ctr.*, 96 AD3d 1394, 1394).  It is well settled that a medical professional may be deemed to have committed battery, rather than malpractice, if he or she carries out a procedure or treatment to which the patient has provided " 'no consent at all' " (*VanBrocklen*, 96 AD3d at 1394; *see Wiesenthal v Weinberg*, 17 AD3d 270, 270-271).  The court properly denied that part of the New FORBA defendants' motion with respect to the battery cause of action, inasmuch as they failed to meet their initial burden of establishing that they "did not intentionally engage in offensive bodily contact without plaintiff's consent" (*Guntlow v Barbera*, 76 AD3d 760, 766, *appeal dismissed* 15 NY3d 906).

We reject the contention of the New FORBA defendants that the court erred in denying that part of their motion with respect to the cause of action under General Business Law § 349.  A cause of action for deceptive business practices under section 349 "requires proof that the defendant engaged in consumer-oriented conduct that was materially deceptive or misleading, causing injury" (*Corcino v Filstein*, 32 AD3d 201, 201).  Even assuming, arguendo, that the New FORBA defendants met their initial burden by establishing that the underlying transaction was private in nature and the allegedly deceptive acts were not aimed at the public at large (*see generally Confidential Lending, LLC v Nurse*, 120 AD3d 739, 741), we conclude that plaintiff's submissions raised issues of fact concerning whether the New FORBA defendants engaged in a scheme to place profits before patient care, which allegedly included fraudulent practices that impacted consumers at large beyond a particular dentist's treatment of an individual patient (*see Morgan Servs. v Episcopal Church Home & Affiliates Life Care Community*, 305 AD2d 1105, 1106; *see generally*

*Zuckerman v City of New York*, 49 NY2d 557, 562).

We likewise reject the contention of the New FORBA defendants that the court erred in refusing to dismiss the negligence cause of action, which was based in part upon an alleged violation of Limited Liability Company Law § 1203, because any violation of that section was not a proximate cause of injury to plaintiff's daughter. Even assuming, arguendo, that the New FORBA defendants met their initial burden of establishing as a matter of law that they are not liable under that statute, we conclude that there are issues of fact whether they violated that statute, whether that violation was part of an overall scheme to place the maximizing of profits over the quality of patient care, and whether any of the injuries sustained by plaintiff's daughter were caused thereby (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784).

We reject the further contention of the New FORBA defendants that the court erred in refusing to strike the demand for punitive damages (*see Garber v Lynn*, 79 AD3d 401, 402-403). To the extent that those defendants contend that a stipulation in bankruptcy court to limit collection of any money judgment obtained by plaintiff to insurance proceeds precludes a claim for punitive damages, we conclude that such contention does not serve as a basis for affirmative relief at this juncture.

Contrary to the contention of the individual dentists, the court properly refused to dismiss the amended complaint against them on the ground that plaintiff's daughter was not injured during the treatment and sustained no compensable damages thereby. Even assuming, arguendo, that they met their initial burden of establishing that plaintiff's daughter was not injured by the treatment they performed (*see generally Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 801), we conclude that plaintiff raised a triable issue of fact whether her daughter sustained injuries as a result of such treatment (*see generally Zuckerman*, 49 NY2d at 562).

Lastly, in light of our determination with respect to the motions of the individual dentists, we reject the contention of the New FORBA defendants that there is no independent tort to support plaintiff's cause of action for concerted action liability (*see generally Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 295; *cf. Brenner v American Cyanamid Co.*, 288 AD2d 869, 870).

Entered: February 6, 2015                    Frances E. Cafarell
                                             Clerk of the Court