■ CHARLES McKIE, Appellant, v FLAGSTAR BANK, FSB, Respondent. [999 NYS2d 901]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered December 26, 2012, as denied his cross motion for leave to amend his complaint and his separate cross motion, inter alia, to stay the sale of the subject property.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Leave to amend pleadings should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 119 AD3d 789, 791 [2014] [internal quotation marks omitted]; *see* CPLR 3025 [b]). Here, the issue underlying the proposed amendment was raised, necessarily decided, and material in a prior action in which the plaintiff had a full and fair opportunity to litigate the issue (*see generally Storman v Storman*, 90 AD3d 895, 897 [2011]). Therefore, relitigation of the issue underlying the proposed amendment was barred by the doctrine of collateral estoppel (*see id.*). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend his complaint, as the proposed amendment was patently devoid of merit.

In light of, among other things, the denial of the plaintiff's cross motion for leave to amend his complaint, under the circumstances of this case, the Supreme Court properly denied the plaintiff's separate cross motion, inter alia, to stay the sale of the subject property. Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.