■ XAVIER LEON et al., Appellants, v WILFREDO MARTINEZ, Defendant, and PEARLMAN, APAT & FUTTERMAN et al., Respondents. [598 NYS2d 274] —In an action to recover damages for breach of contract, the plaintiffs appeal from so much of an

order of the Supreme Court, Kings County (Dowd, J.), dated December 12, 1990, as granted the motion of the defendants Pearlman, Apat & Futterman, and Ira A. Futterman to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

As a result of a job-related accident, the defendant Wilfredo Martinez was rendered a quadriplegic. After the accident, Martinez received care from the plaintiffs Maria Macia, Xavier Leon, and Gina Leon, with whom he resided. According to the plaintiffs, they fed Martinez, clothed him, bathed him, transported him to and from hospitals and doctors, and provided care and attention 24 hours a day. Allegedly upon the recommendation of the plaintiffs, Martinez retained the defendant Ira H. Futterman of the defendant law firm of Pearlman, Apat & Futterman (hereinafter the law firm) to handle his personal injury action. The defendant attorneys had previously prepared legal documents for the plaintiffs, including drafting wills.

On May 12, 1983, Martinez executed a document, drafted by Futterman, that stated "because of [the plaintiffs'] care, services, help, assistance and benefit to [Martinez] from the time of [his] illness to the present date", he gave to each of the plaintiffs a stated percentage "of any recovery [he] may get" from the personal injury action. After the personal injury action was settled, however, Futterman remitted the entire proceeds to Martinez, who refused to pay the plaintiffs a portion of the settlement. The plaintiffs subsequently commenced this action to recover the money allegedly owed them pursuant to the agreement.

Futterman and the law firm moved to dismiss the complaint insofar as it is asserted against them pursuant to CPLR 3211, arguing that they did not represent the plaintiffs and never agreed to disburse the funds to them, or to act as an escrow agent. The court granted the motion, reasoning that "[t]he preparation of an agreement by Martinez' attorneys does not create a liability on their part for his alleged failure to honor it". We reverse.

Where attorneys have notice of an assignment or a portion of their client's claim for personal injuries and pay out money in disregard of the assignment, they may be liable to the assignees (see, Brinkman v Moskowitz, 38 Misc 2d 950; see also, Contintental Purch. Co. v Van Raalte Co., 251 App Div 151; Healy v Brotman, 96 Misc 2d 386, 392; Matter of Neilson

*Realty Corp. v MVAIC,* 47 Misc 2d 260, 264; *Aiello v Levine,* 44 Misc 2d 1067; *cf., Matter of Kelly,* 23 NY2d 368, 382). In the instant case, the plaintiffs have alleged that the defendant attorneys distributed proceeds in disregard of an assignment which Futterman drafted and which was executed in his presence. Indeed, the agreement contains Futterman's signature as the notary. According to the plaintiffs, the assignment was discussed fully among all the parties at the time of its execution. The plaintiffs also alleged that they attempted to speak to Futterman after the underlying negligence action was settled, but Futterman avoided them. Whether or not the plaintiffs ultimately will prevail on this claim, the pleadings in the complaint, as amplified by the affidavits, are certainly sufficient to withstand a motion to dismiss. Lawrence, O'Brien and Copertino, JJ., concur.

Rosenblatt, J. P., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: In my view, the plaintiff has stated a legal claim against Martinez, but not Futterman.

Futterman is not a party to the May 12, 1983, document, nor does the document recite that Futterman is obligated or expected to make any payment to the plaintiffs. Futterman is identified in the document as its draftsman, who, in preparing the document, is acting on behalf of his client, Martinez, in carrying out the desires and wishes of Martinez. Futterman was not representing the plaintiffs, nor on this record can there be any plausible claim that he was. In his affidavit, Futterman stated that "[n]either the firm or myself ever received any instructions, from, nor were we retained by the Plaintiffs. We never acted nor did we agree to act as Plaintiffs' attorneys". The plaintiffs claim they "discussed" the document with Futterman, but this is not enough to create an attorney-client relationship or to impose any obligation on Futterman to withhold money from his sole client, Martinez, and to give it to the plaintiffs.

In their first cause of action, the plaintiffs allege that the document "constitutes conflict of interest", but do not explain how or why or offer viable support for this conclusory assertion. The first cause of action, also in conclusory terms, merely states that the document "constituted a lien upon a portion of the recovery applicable to the plaintiffs. Accordingly, the plaintiffs are entitled to 25% of the disbursements paid to the defendants".

This Court has held in *Datlof v Turetsky* (111 AD2d 364,

365), that "an agreement, either by parol or in writing, to pay a debt out of a designated fund does not operate to create an equitable lien upon the fund". "The existence of an equitable lien," we held, "requires an express or implied contract concerning specific property wherein there is a clear intent between the parties that such property be held, given or transferred *as security for an obligation" (Datlof v Turetsky, supra,* at 365 [emphasis supplied]).

In the case before us, there can be no equitable lien. Futterman was not a party to the document, there was no privity between him and the plaintiffs, he did not undertake to act as escrowee or holder of the funds, and there was no agreement on anyone's part to hold the property "as security for an obligation" *(Matco Elec. Co. v Plaza Del Sol Constr. Corp.,* 82 AD2d 979). Beyond that, the plaintiffs have not sought and are not seeking to impose or foreclose a lien on property. As the plaintiffs allege, the property has undisputedly been given to Futterman's client, Martinez, and the plaintiffs seek only a money judgment against Futterman "for treble damages in the sum of $1,250,000". They do not, however, plead a breach by contract by Futterman—no doubt because he was not a party to any agreement—but base their claim for a money judgment against Futterman for "professional misconduct," "deceit," and "collusion," as set forth in the second cause of action. The second cause of action, however, must fail because it is premised, erroneously, on the existence of a claimed relationship or duty between the plaintiffs and Futterman, and to the extent that it is not so premised, the second cause of action merely contains unsupported and conclusory allegations insufficient to sustain it against a motion to dismiss.

Lastly, the plaintiffs have not pleaded the existence of an assignment; nowhere in the complaint is any "assignment" mentioned, and there is no cause of action so designated *(cf., Brinkman v Moskowitz,* 38 Misc 2d 950). Instead, the plaintiffs now argue, in their brief, that in addition to the two causes of action described, there was a "breach of an agreement between plaintiffs and defendants". This is insufficient to fasten liability on Futterman, who, under any view, was not, and is not, alleged to have been a contracting party. Therefore, I would affirm the order insofar as appealed from.