OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, and the action is dismissed.
Plaintiff Lawrence Yellon doing business as Intercounty Judicial Services provides services to attorneys, including service of legal process, filing of court papers and retrieving legal documents. Plaintiff brought this small claims action against defendant Alan Sirlin, Esq., to recover the principal sum of $4,928.50 for services performed at defendant’s request in connection with litigation in which defendant was the attorney of record. Plaintiff set forth a separate cause of action predicated on the same services, but seeking to recover based on an account stated.
Defendant moved for summary judgment dismissing the action. The District Court denied defendant’s motion and, upon searching the record, awarded summary judgment to plaintiff. On a prior appeal, this court, in reversing the judgment entered pursuant to the District Court’s order and remitting the action for trial, stated:
“An attorney who is representing a client and who incurs litigation expenses with third parties, such as printers and process servers, acts as an agent for a disclosed principal and is not personally liable for contracts made on behalf of the client unless the attorney assumed responsibility ... In our opinion, plaintiff raised an issue of fact, based on the prior dealings of the parties, as to whether defendant had assumed responsibility for the cost of plaintiffs services, an issue which must be explored upon the trial of the action . . .
“With respect to so much of the order as, upon searching the record, granted summary judgment to *23 plaintiff, we note that, in order to establish an account stated, there must be a debtor and creditor relationship between the parties as to the items forming the account . . . Since there is an issue of fact as to whether defendant undertook to assume responsibility for payment, plaintiff was not entitled to relief at this juncture upon a theory of account stated. In any event, plaintiff did not submit any evidence as to when his invoices had been sent to or received by defendant” (Yellon v Sirlin, 27 Misc 3d 129[A], 2010 NY Slip Op 50600[U], *2 [App Term, 9th & 10th Jud Dists 2010]).
Subsequently, a nonjury trial was held, following which the District Court awarded judgment to plaintiff in the principal sum of $4,080.
At trial, Denise Klass testified on behalf of plaintiff that she performs intake for plaintiff and coordinates the provision of services for plaintiff’s clients. On cross-examination, Klass agreed that every document that plaintiff had served on behalf of defendant identified defendant as the attorney for a specific, named party to a lawsuit. Plaintiffs evidence thus demonstrated that, for all the services for which plaintiff sought payment, defendant had acted as the agent for his clients, who were his disclosed principals. Therefore, as explained in this court’s prior opinion, to make out a prima facie case, it was incumbent on plaintiff to show that defendant had assumed responsibility for the cost of plaintiffs services (Yellon v Sirlin, 27 Misc 3d 129[A], 2010 NY Slip Op 50600[U] [2010]; see also Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122 [2011]). In the prior decision, this court indicated that the existence of such an assumption of responsibility might be based on the prior dealings of the parties. However, plaintiff failed to produce evidence which manifested defendant’s personal assumption of responsibility; indeed, in his defense, defendant introduced into evidence three cancelled checks from defendant to plaintiff involving other clients, which specifically belied any claim that he was responsible, since each check was written from defendant’s client trust account and, on the memo line of the check, indicated the name of the client on whose behalf defendant was acting. As plaintiff failed to demonstrate that defendant had assumed responsibility for the cost of plaintiff’s services, we conclude that plaintiff failed to make out a prima facie case on his cause of action to recover for services performed, and that such cause of action should have been dismissed.
*24 Plaintiffs cause of action on an account stated depended on the establishment of a debtor and creditor relationship between the parties as to the items forming the account (see 1 NY Jur 2d, Accounts and Accounting § 11). As the evidence did not support a finding that defendant undertook to assume responsibility for payment, the parties did not have a debtor-creditor relationship, and plaintiff was not entitled to recover upon a theory of account stated.
In view of the foregoing, the judgment in favor of plaintiff failed to render substantial justice according to the rules and principles of substantive law (UDCA 1804, 1807). Accordingly, the judgment is reversed and the action is dismissed.
Nicolai, P.J., LaCava and Iannacci, JJ., concur.