■ SWIFT FUNDING, LLC, Respondent, v YOUSEF ISACC, Also Known as YOUSEF ISAAC, et al., Defendants, and PETER SIM, Also Known as SANG J. SIM, ESQUIRE, Appellant. (And a Third-Party Action.) [40 NYS3d 268]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about June 11, 2015, which, insofar as appealed from as limited by the briefs, denied the motion of defendant Sim for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

The record presents triable issues of fact regarding whether Sim had notice of the existence of assignments of a portion of litigation proceeds by a client of defendant law firm, Sim & Park, LLP, in which Sim was a partner, to plaintiff. One who interferes with another's possessory rights in property by disposing of it, as plaintiff alleges here, may be liable for conversion, and thus, Sim is not entitled to summary judgment dismissing the conversion claim as against him (*see Glass v Wiener*, 104 AD2d 967, 968-969 [2d Dept 1984]). Moreover, any determination by the trier of fact that Sim had knowledge of the assignment but disbursed the money anyway without making payment to plaintiff may raise an inference that he aided and abetted the client's alleged conversion and tortiously interfered with plaintiff's right to repayment under the funding agreement, or both. Accordingly, Sim was not entitled to summary judgment dismissing the aiding and abetting conversion and tortious interference with contract claims against him. Because he was not entitled to summary judgment dismissing the tort claims against him, Partnership Law § 26 (b) does not shield him from liability (*see* Partnership Law § 26 [c] [i]).

Furthermore, where attorneys are on notice of an assignment of their client's recovery of litigation proceeds and they disburse such proceeds in disregard of the assignment, they may be held liable to the assignees (*see Leon v Martinez*, 193 AD2d 788 [2d Dept 1993], *affd* 84 NY2d 83, 88-89 [1994]). While plaintiff did not plead such a cause of action, any defect in the pleading would not be the basis for summary judgment against plaintiff where, as here, plaintiff adduced evidentiary facts in support of such an unpleaded cause of action (*see Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 280 [1978]; *see also Rubenstein v Rosenthal*, 140 AD2d 156, 158 [1st Dept 1988]). Concur—Tom, J.P., Sweeny, Richter, Manzanet-Daniels and Webber, JJ.