■ First Manhattan Energy Corporation, Respondent, v David Q. Meyer, Appellant. [56 NYS3d 28]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 28, 2016, which denied defendant David Q. Meyer's motion to dismiss the complaint as against him, unanimously modified, on the law, to grant the motion as to the breach of contract cause of action, and otherwise affirmed, without costs.

Plaintiff alleges that defendant Meyer failed to release funds that plaintiff deposited into Meyer's lawyer trust account to be held in escrow. Plaintiff had entered into the escrow agreement with a New York law firm, which had designated defendant, a California attorney, as its agent, pursuant to an agreement with defendant. Defendant moved to dismiss on the ground, inter alia, of lack of jurisdiction over him, arguing that he was

a California lawyer with no presence in New York, was not party to the escrow agreement, and did not transact business in New York.

Plaintiff made a sufficient showing of jurisdiction pursuant to CPLR 302 (a) (1) to withstand dismissal (see *Kreutter v Mc-Fadden Oil Corp.*, 71 NY2d 460, 467 [1988] ["proof of one transaction in New York is sufficient to invoke jurisdiction"]). The record establishes prima facie that defendant, while not a party to the instant escrow agreement, was designated in the escrow agreement as the "Assigned Escrow Agent[ ]" into whose account the funds would be deposited, and that he accepted the funds pursuant to the agreement. In so doing, pursuant to his agreement with the New York escrowee, defendant "affected local commerce" in New York by "chang[ing] [plaintiff's] economic position," and in receiving the funds into his California account via wire transfer, he transacted business here by availing himself of modern technology to participate in and confer upon himself the benefit of the transaction while living and physically working elsewhere (see *Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 245 [2d Dept 2005]).

Because defendant was not party to the escrow agreement, the claim alleging breach of the escrow agreement fails to state a cause of action against him (see *Perrotti v Becker, Glynn, Melamed & Muffly LLP*, 82 AD3d 495, 499 [1st Dept 2011]). However, the complaint states causes of action against him for breach of fiduciary duty (see *Greenapple v Capital One, N.A.*, 92 AD3d 548, 549 [1st Dept 2012]), conversion (see *Swift Funding, LLC v Isacc*, 144 AD3d 471, 472 [1st Dept 2016]), and unjust enrichment (see generally *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]). Concur—Friedman, J.P., Richter, Moskowitz, Gische and Kapnick, JJ.