Prospect Funding Holdings, LLC v Paiz (2020 NY Slip Op 02967)





Prospect Funding Holdings, LLC v Paiz


2020 NY Slip Op 02967


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


652396/16 11535 

[*1] Prospect Funding Holdings, LLC, Plaintiff-Appellant,
v
Shannon Paiz, Defendant, Jon L. Norinsberg, Esq., et al., Defendants-Respondents.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Law Offices of Jon L. Norinsberg, New York (Chaya M. Gourarie of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about May 21, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its claims against defendants Jon L. Norinsberg, Esq. (Norinsberg), Jon Norinsberg Esq., PLLC and the Law Offices of Jon L. Norinsberg, Esq. (collectively, Norinsberg Defendants) for breach of contract, promissory estoppel, conversion, and breach of fiduciary duty, and sua sponte granted the Norinsberg Defendants summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The breach of contract claim was correctly dismissed because the relevant documents do not identify the Norinsberg Defendants as parties and do not impose upon them any obligations to plaintiff. The parties identified in those documents are plaintiff, as "Seller," and defendant Paiz, as "Purchaser." The Purchase Agreement is signed by Paiz and plaintiff's representative, not by the Norinsberg Defendants. The liquidated damages provision of the Purchase Agreement defines plaintiff's remedies against Paiz (seller) upon seller's defaults. The annexed "Important Information" is signed by Paiz only. In his capacity as Paiz's attorney, Norinsberg signed a "Certification" below Paiz's signature on the Important Information document, stating that he discussed the terms and conditions of the Purchase Agreement with Paiz, that he has a contingency fee agreement with her, that all proceeds of the suit in which he is representing her will be disbursed via the attorney's trust account, and that he is following Paiz's written instructions with regard to the Purchase Agreement. Those written instructions are contained in the "Irrevocable Letter of Direction," in which Paiz instructs Norinsberg "NOT to release any funds to me until [any dispute with plaintiff] is resolved." Norinsberg also signed an "Attorney Acknowledgment" at the end of the Irrevocable Letter of Direction, acknowledging receipt of the letter from his client and reiterating his agreement to follow his client's direction, and stating that plaintiff "has relied" on the Irrevocable Letter of Direction and the Attorney Acknowledgment.
Similarly, the promissory estoppel claim was correctly dismissed because plaintiff cannot identify a "clear and unambiguous promise" made to it by the Norinsberg Defendants (see Underhill Holdings, LLC v Travelsuite, Inc., 137 AD3d 533, 534 [1st Dept 2016]). As indicated, to the extent the Norinsberg Defendants made a promise concerning disbursement of settlement proceeds, the promise was made to Paiz.
The conversion claim was correctly dismissed because it is predicated on breach of the Purchase Agreement and alleges no independent facts sufficient to give rise to tort liability (see Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268, 269 [1st Dept 2003]).
The fiduciary duty claim was correctly dismissed because there was no fiduciary relationship between plaintiff and the Norinsberg Defendants (see Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]). Plaintiff failed to demonstrate that, by virtue of the Purchase [*2]Agreement or otherwise, it had a relationship with the Norinsberg Defendants grounded in a "higher level of trust than normally present in the marketplace," which imposed on the Norinsberg Defendants "a duty to act for or to give advice for [its] benefit" (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
In view of the foregoing, the court properly granted summary judgment to the Norinsberg Defendants dismissing the action (CPLR 3212[b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK