RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP (2021 NY Slip Op 04047)





RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP


2021 NY Slip Op 04047


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-08578
2017-12389
 (Index No. 607971/15)

[*1]RD Legal Funding Partners, LP, respondent-appellant,
v
Worby Groner Edelman & Napoli Bern, LLP, appellant-respondent.


Clausen Miller P.C., New York, NY (Joseph J. Ferrini, Tyler Jay Lory, and Serena A. Skala of counsel), for appellant-respondent.
Reisman Peirez Reisman & Capobianco LLP, Garden City, NY (Jerome Reisman of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the defendant appeals, and the plaintiff cross-appeals, from (1) an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated July 13, 2017, and (2) a judgment of the same court entered September 28, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's cross motion which were for summary judgment on the first and fifth causes of action and, in effect, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the first and fifth causes of action. The order, insofar as cross-appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the second and third causes of action and the demand for punitive damages. The judgment, insofar as appealed from, upon the order, is in favor of the plaintiff and against the defendant on the first and fifth causes of action in the principal sum of $308,586. The judgment, insofar as cross-appealed from, upon the order, is in favor of the defendant and against the plaintiff, in effect, dismissing the second and third causes of action and the demand for punitive damages. The notice of cross appeal from the order is deemed also to be a notice of cross appeal from the judgment (see CPLR 5501[c]).
ORDERED that the appeal and the cross appeal from the order are dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing the third cause of action; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action is denied, the order is modified accordingly, the third cause of action is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for severance of that cause of action and further proceedings on that cause of action; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal and the cross appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal and the cross appeal from the order are brought up for review and have been considered on the appeal and the cross appeal from the judgment (see CPLR 5501[a]).
Nonparty James Hagner was a 9/11 first responder who was entitled to settlement proceeds from the City of New York World Trade Center Settlement Fund. The defendant represented Hagner and his wife in the settled litigation. The Hagners assigned to the plaintiff their right to the settlement proceeds in exchange for a payment. The plaintiff provided the defendant with a notice of assignment.
On October 15, 2012, the plaintiff commenced an action against the defendant and Hagner in the United States District Court, District of New Jersey. The action was dismissed without prejudice for lack of diversity jurisdiction on June 25, 2015.
On July 24, 2015, the plaintiff commenced this action against the defendant. The complaint alleged that on February 20, 2012, the defendant issued a check in the amount of $308,586 from the settlement proceeds directly to the Hagners, who converted it for their own use and benefit. The complaint asserted, inter alia, causes of action alleging conversion (first cause of action), aiding and abetting fiduciary duty (second cause of action), negligence (third cause of action), and common-law breach of duty (fifth cause of action), and demanded punitive damages.
The defendant moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint. The plaintiff cross-moved, inter alia, for summary judgment on the conversion and common-law breach of duty causes of action. In an order dated July 13, 2017, the Supreme Court, among other things, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the aiding and abetting breach of fiduciary duty and negligence causes of action and the demand for punitive damages, and granted those branches of the plaintiff's cross motion which were for summary judgment on the conversion and common-law breach of duty causes of action. Thereafter, the court entered a judgment in favor of the plaintiff and against the defendant in the principal sum of $308,586.
The Supreme Court properly granted those branches of the plaintiff's cross motion which were for summary judgment on the conversion and common-law breach of duty causes of action. "'To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights'" (National Ctr. for Crisis Mgt., Inc. v Lerner, 91 AD3d 920, 920, quoting Cusack v American Defense Sys., Inc., 86 AD3d 586, 587). "'[C]onversion occurs when funds designated for a particular purpose are used for an unauthorized purpose'" (Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777, quoting East Schodack Fire Co., Inc. v Milkewicz, 140 AD3d 1255, 1256). "Tangible personal property or specific money must be involved" (Independence Discount Corp. v Bressner, 47 AD2d 756, 757 [emphasis omitted]). "Where attorneys have a notice of an assignment of a portion of their client's claim for personal injuries and pay out money in disregard of the assignment, they may be liable to the assignees" (Leon v Martinez, 193 AD2d 788, 789, affd 84 NY2d 83).
Here, the Hagners assigned to the plaintiff their interest in specific settlement proceeds, which were then distributed by the defendant in disregard of the assignment. The defendant was therefore liable to the plaintiff for damages from this unauthorized distribution (see Swift Funding, LLC v Isacc, 144 AD3d 471, 472; Leon v Martinez, 193 AD2d at 789; Continental Purch. Co., Inc. v Van Raalte Co., Inc., 251 App Div 151, 154).
The Supreme Court also properly granted those branches of the defendant's motion which were to dismiss the aiding and abetting breach of fiduciary duty cause of action and the demand for punitive damages. "To recover damages for aiding and abetting a breach of fiduciary [*2]duty, a plaintiff must plead and prove that a fiduciary duty owed to the plaintiff was breached, that the defendant knowingly induced or participated in the breach, and that the plaintiff was damaged as a result of the breach" (Smallberg v Raich Ende Malter & Co., LLP, 140 AD3d 942, 944). An aiding and abetting a breach of fiduciary duty cause of action must be supported by an allegation that the defendant had actual knowledge of the breach of duty, which was not pled here (see Baron v Galasso, 83 AD3d 626, 629). Further, the demand for punitive damages was properly dismissed because there are no remaining causes of action that alleged conduct that was intentional, malicious, wantonly negligent, or reckless (see Randi A.J. v Long Is. Surgi-Ctr., 46 AD3d 74, 80-81).
However, the Supreme Court improperly granted that branch of the defendant's motion which was to dismiss the negligence cause of action. "The elements of a cause of action sounding in negligence are the existence of a duty that the defendant owed to the plaintiff, a breach of that duty, and that the breach of that duty was a proximate cause of the plaintiff's injuries" (Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 18). "In order for a party to be negligent in the performance of an assumed duty, . . . the plaintiff must have known of and detrimentally relied upon the defendant's performance, or the defendant's actions must have increased the risk of harm to the plaintiff" (Arroyo v We Transp., Inc., 118 AD3d 648, 649).
Here, the complaint adequately stated a cause of action alleging negligence, and thus, the Supreme Court should have denied that branch of the defendant's motion which was to dismiss that cause of action (see Leon v Martinez, 193 AD2d at 789).
The defendant's remaining contentions are not properly before this Court.
LASALLE, P.J., CHAMBERS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court