Plaintiff Funding Holding, Inc. v Ugochukwu (2022 NY Slip Op 22022)

Plaintiff Funding Holding, Inc. v Ugochukwu

2022 NY Slip Op 22022 [74 Misc 3d 68]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, April 6, 2022

[*1]

Plaintiff Funding Holding, Inc., Doing Business as Law Cash, Respondent,
v
Uzoh Ugochukwu, Esq., et al., Appellants, et al., Defendant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, January 21, 2022

APPEARANCES OF COUNSEL

Law Office of Philip Akakwam, P.C. (Ugochukwu Uzoh of counsel) for appellants.
Auciello Law Group, P.C. for respondent.

{**74 Misc 3d at 70} OPINION OF THE COURT

Memorandum.

Ordered that the order, insofar as appealed from, is reversed, without costs, and the cross motion by defendants Uzoh Ugochukwu, Esq., and Uzoh Ugochukwu, P.C., for summary judgment dismissing so much of the complaint as was asserted against them is granted.
Plaintiff, a corporation that provides funding for legal actions, commenced this action against defendants Uzoh Ugochukwu, Esq., and Uzoh Ugochukwu, P.C. (collectively the Ugochukwu defendants), and defendant Jeffy Holley, asserting causes of action sounding in breach of contract, conversion, unjust enrichment and account stated. The complaint alleges that plaintiff and Holley had entered into two funding agreements, under each of which plaintiff, as purchaser of an interest in Holley's pending personal injury litigation against the City of New York, agreed to advance to Holley, as seller, a{**74 Misc 3d at 71} certain sum of money in exchange for Holley's agreement that repayment would be made from the proceeds of the personal injury action. The complaint alleges that Holley's personal injury action was settled, but that plaintiff did not [*2]receive any payments from the settlement proceeds. The complaint also alleges that the Ugochukwu defendants violated certain ethical rules for legal professionals by distributing the settlement proceeds and "refus[ing]" to pay plaintiff despite their knowledge of the funding agreements. Plaintiff moved for, among other things, summary judgment on so much of the complaint as was asserted against the Ugochukwu defendants. The Ugochukwu defendants cross-moved for summary judgment dismissing so much of the complaint as was asserted against them. By order dated November 25, 2019, the Civil Court, insofar as relevant here, denied the cross motion by the Ugochukwu defendants.
[1] The court should have granted the branch of the cross motion by the Ugochukwu defendants seeking summary judgment dismissing the breach of contract cause of action asserted against them. The parties identified in the funding agreements are plaintiff and Holley. The agreements were signed by Holley, rather than the Ugochukwu defendants. The agreements further set forth plaintiff's remedies against Holley upon his defaults. An "Irrevocable Letter of Instruction"—in which Holley instructed his then attorneys, the Ugochukwu defendants, not to disburse any funds from Holley's portion of settlement or judgment proceeds without first paying plaintiff the amount due under the agreements—was signed by Holley only. The Ugochukwu defendants merely signed an "Attorney Acknowledgment," acknowledging receipt of the letter from Holley and stating that they would "honor" the funding agreements and follow Holley's written instructions with regard to the agreements. Because the foregoing documents do not identify the Ugochukwu defendants as parties to any contract with plaintiff and do not impose upon the Ugochukwu defendants any contractual obligations owed to plaintiff, the Ugochukwu defendants are entitled to judgment as a matter of law dismissing the breach of contract cause of action asserted against them (see Prospect Funding Holdings, LLC v Paiz, 183 AD3d 486, 487 [2020]).
[2] To establish a cause of action for conversion of settlement proceeds, a plaintiff must show "legal ownership or an immediate right of possession to specifically identifiable funds and{**74 Misc 3d at 72} that the defendant exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights" (DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 776 [2020] [internal quotation marks omitted]; see Berkovits v Berkovits, 190 AD3d 911, 917 [2021]). Here, in support of their cross motion for summary judgment, the Ugochukwu defendants demonstrated, prima facie, that (1) defendant Uzoh Ugochukwu, Esq. (Uzoh), had requested the City of New York to make any check for the settlement proceeds jointly payable to Holley and Uzoh Ugochukwu, P.C., so that Uzoh would be able to facilitate the payment of plaintiff's share of the settlement proceeds; (2) upon receiving a check for the settlement proceeds, which was made payable to Holley only, Uzoh promptly contacted a manager of plaintiff seeking guidance as to how to make a payment to plaintiff; (3) after receiving no response from the manager or plaintiff, Uzoh contacted the manager again concerning the payment, "making it clear" that the check would be handed over to Holley by June 7, 2017, if the Ugochukwu defendants did not hear back from plaintiff; and (4) on June 16, 2017, after receiving no response from plaintiff, the Ugochukwu defendants "were forced" by Holley to hand over the check to him after Holley had agreed in writing to pay plaintiff the assigned [*3]portion of the proceeds. Plaintiff did not submit any evidence to rebut such showing or otherwise raise a triable issue of fact. Therefore, the Ugochukwu defendants are entitled to summary judgment dismissing the conversion cause of action asserted against them (see Jaybar Realty Corp. v Armato, 175 AD3d 1391, 1394 [2019]; cf. Korn v Sacco & Fillas LLP, 189 AD3d 624 [2020]; Schwartz v Sayah, 72 AD3d 790, 791 [2010]; Brinkman v Moskowitz, 38 Misc 2d 950, 951 [App Term, 2d Dept 1962]).
[3] "To prevail on a cause of action alleging unjust enrichment, a party must establish that it conferred a benefit upon the other party, and that the other party will retain that benefit without adequately compensating the first party therefor. The essential inquiry on any cause of action alleging unjust enrichment is whether it is against equity and good conscience to permit the party against whom it is asserted to retain what is sought to be recovered" (Beaman v Awaye Realty Mgt., LLC, 176 AD3d 1025, 1025 [2019] [citation omitted]; see Whitman Realty Group, Inc. v Galano, 41 AD3d 590, 592-593 [2007]).{**74 Misc 3d at 73}
Here, the Ugochukwu defendants established their entitlement to judgment as a matter of law dismissing the unjust enrichment cause of action asserted against them by demonstrating that they did not derive any benefit from the check for the settlement proceeds made payable to Holley only, and plaintiff failed to raise a triable issue of fact in opposition (see Sky Materials Corp. v Frog Hollow Indus., Inc., 125 AD3d 751, 752-753 [2015]; Bugarsky v Marcantonio, 254 AD2d 384 [1998]).
[4] The Ugochukwu defendants are also entitled to summary judgment dismissing the cause of action to recover on an account stated insofar as asserted against them, since "[a]n account stated assumes the existence of some indebtedness between the parties, or an express agreement to treat a statement of debt as an account stated" (Shelly v Skief, 73 AD3d 1016, 1016 [2010]; see Gurney, Becker & Bourne v Benderson Dev. Co., 47 NY2d 995, 996 [1979]; M. Paladino, Inc. v Lucchese & Son Contr. Corp., 247 AD2d 515, 516 [1998]), which was not shown here (see Schaffer v View At Dobbs, LLC, 65 Misc 3d 133[A], 2019 NY Slip Op 51612[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; Yellon v Sirlin, 35 Misc 3d 21, 24 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
Lastly, to the extent that the complaint alleges that the Ugochukwu defendants violated certain ethical rules, "an ethical violation will not, in and of itself, create a duty that gives rise to a cause of action that would otherwise not exist at law" (Shapiro v McNeill, 92 NY2d 91, 97 [1998]; see Suttongate Holdings Ltd. v Laconm Mgt. N.V., 173 AD3d 618, 619 [2019]; Art Capital Group, LLC v Neuhaus, 70 AD3d 605, 607 [2010]).
Accordingly, the order, insofar as appealed from, is reversed, and the cross motion by the Ugochukwu defendants for summary judgment dismissing so much of the complaint as was asserted against them is granted.

Aliotta, P.J. (concurring in part and dissenting in part, and voting to modify the order, insofar as appealed from, by vacating so much thereof as denied the branches of the cross motion by [*4]defendants Uzoh Ugochukwu, Esq., and Uzoh Ugochukwu, P.C., seeking summary judgment dismissing so much of the causes of action for breach of contract, unjust enrichment and account stated as were asserted against them and granting those branches of the cross motion, in the following memorandum). While I agree with the majority that the Civil Court should have granted the branches of the cross motion by defendants Uzoh Ugochukwu, Esq., and Uzoh Ugochukwu, P.C. {**74 Misc 3d at 74}(collectively the Ugochukwu defendants), seeking summary judgment dismissing so much of the causes of action for breach of contract, unjust enrichment and account stated as were asserted against them, I vote to leave undisturbed so much of the order as denied the branch of the Ugochukwu defendants' cross motion seeking summary judgment dismissing so much of the cause of action for conversion as was asserted against them.
"Conversion occurs when funds designated for a particular purpose are used for an unauthorized purpose" (Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777 [2017] [internal quotation marks and brackets omitted]). "Where attorneys have notice of an assignment [of] a portion of their client's claim for personal injuries and pay out money in disregard of the assignment, they may be liable to the assignees" (Leon v Martinez, 193 AD2d 788, 789 [1993], affd 84 NY2d 83 [1994]; see RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP, 195 AD3d 968, 970 [2021]). I recognize that the instant case did not involve an actual disbursement of funds from the Ugochukwu defendants' account to their client, defendant Jeffy Holley. Nevertheless, by handing over to Holley a check issued by the City of New York payable to defendant Holley alone, which check represents the entirety of Holley's share of the settlement proceeds, the Ugochukwu defendants in effect disbursed the entirety of those funds to Holley. Under the circumstances of this case, I conclude that the Ugochukwu defendants failed to establish, prima facie, that their conduct did not constitute a knowing disregard of the assignment by Holley of a portion of the settlement proceeds to plaintiff, i.e., that they were not liable for conversion.
The Ugochukwu defendants were well aware of their responsibilities with respect to the disbursement of the settlement proceeds. In an "Attorney Acknowledgment," defendant Uzoh Ugochukwu (Uzoh) expressly affirmed that he would follow Holley's instruction that no funds from the settlement proceeds were to be disbursed without first paying plaintiff its assigned share of the proceeds and that he would not pay any portion of the proceeds to Holley "until [plaintiff's] lien [was] satisfied in full." Indeed, the Ugochukwu defendants provided evidence that Uzoh had requested that the City of New York make any check for the settlement proceeds payable jointly to Holley and defendant Uzoh Ugochukwu, P.C., so that Uzoh would be able to facilitate the payment of plaintiff's share of the settlement proceeds. Upon receiving a check for the settlement proceeds,{**74 Misc 3d at 75} which was made payable to Holley only, Uzoh promptly "contacted" a manager of plaintiff seeking guidance as to how to make a payment to plaintiff. Moreover, the Ugochukwu defendants alleged that the check was handed over to Holley after Holley had agreed in writing to pay plaintiff the assigned portion of the proceeds, although the Ugochukwu defendants failed to submit any proof of the alleged written agreement. However, none of the foregoing actions by [*5]the Ugochukwu defendants insulated them from liability for conversion as they knowingly disbursed to Holley the portion of the funds that Holley had assigned to plaintiff.
An issue, similar to the one involved herein, was posed to the New York State Bar Association Committee on Professional Ethics, to wit, whether an attorney may turn over to his or her client a third party's check payable solely to the client, which check represents full payment of a claim arising from a motor vehicle accident, while relying on the client to pay from those funds certain medical service providers that the attorney knew had an interest in the settlement proceeds (either a lien or an assignment). New York State Bar Association Committee on Professional Ethics Opinion 717 (1999) provides that, if a provider asserts that it has a valid lien or assignment, but the client disputes the provider's assertion, the attorney should counsel the client to endorse such a check for deposit in the attorney's trust fund to avoid the check becoming stale. However, if the client refuses to do so, the attorney should retain possession of the check pending resolution of the dispute, rather than handing it over to the client. The attorney may resolve disputes by way of negotiation or, alternatively, commence an interpleader action to enable a court to resolve the dispute.
In view of the foregoing, to fulfill his promise under the "Attorney Acknowledgment," Uzoh could have, among other things, (1) counseled Holley to endorse the check for deposit in the defendant law firm's trust fund and, upon Holley doing so, the law firm could issue its own checks to plaintiff and to Holley for their respective shares of the proceeds; (2) if Holley had refused to do so, the Ugochukwu defendants could have retained possession of the check pending resolution of the disbursement of the proceeds; or (3) commenced an interpleader action to enable a court to resolve the issue of the disbursement. The Ugochukwu defendants did none of the above. Since the Ugochukwu defendants were, or should have been, aware of their responsibilities regarding the distribution of the funds,{**74 Misc 3d at 76} it is unclear what guidance they were seeking from plaintiff's manager. In any event, upon the record presented, the Ugochukwu defendants are not entitled to summary judgment dismissing so much of the conversion cause of action as was asserted against them (see Swift Funding, LLC v Isacc, 144 AD3d 471, 472 [2016]; Schwartz v Sayah, 72 AD3d 790, 791 [2010]; Brinkman v Moskowitz, 38 Misc 2d 950, 951 [App Term, 2d Dept 1962]).
Accordingly, I conclude that the order, insofar as appealed from, should be modified by providing that only the branches of the cross motion by the Ugochukwu defendants seeking summary judgment dismissing so much of the causes of action for breach of contract, unjust enrichment and account stated as were asserted against them should be granted.
Weston and Toussaint, JJ., concur; Aliotta, P.J., concurs in part and dissents in part in a separate memorandum.